LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:             (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

*Attorneys for Defendant*
*Brandon Wolden erroneously named as B Wolden*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAINE ANTON CRAWLEY,<br><br>         Plaintiff,<br><br>vs.<br><br>B WOLDEN, et al.<br><br>         Defendants. | Case No.:   2:19-cv-02179-APG-BNW<br><br>**DEFENDANT BRANDON WOLDEN'S RENEWED MOTION TO EXTEND DISCOVERY**<br>**(1st Request)**<br>**(ECF No. 44)** |

Defendant Brandon Wolden, erroneously sued as B Wolden, ("WOLDEN"), by and through his counsel, Kaempfer Crowell, respectfully moves for an order extending the discovery deadlines by 90 days.  This Renewed Motion[1] is based on the following memorandum of points and authorities.

///

---

[1] On February 3, 2022 Wolden filed a Motion to Extend Discovery, [ECF No. 45].  However, this Court denied it without prejudice, [ECF No. 46], "for failure to meet and confer with Plaintiff."

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3062370_1  6943.254

Page 1 of 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

Plaintiff filed a Motion/Application for Leave to Proceed *in forma pauperis* with his initial Complaint attached on December 18, 2019. [ECF No. 1]. Thereafter, a First Amended Complaint, [ECF No. 15] and Second Amended Complaint, [ECF No. 17] were filed. The Court screened the initial Complaint, First Amended Complaint and Second Amended Complaint. On June 1, 2021, Plaintiff filed his Third Amended Complaint, [ECF No. 28], which was served on Wolden on November 8, 2021. Wolden filed his Answer to the Third Amended Complaint on November 23, 2021. [ECF No. 40].

On February 1, 2022, this Court issued the current Scheduling Order. [ECF No. 44]. The Scheduling Order provides for ninety (90) days for the parties to complete discovery from the date of the Scheduling Order, to wit, May 2, 2022. The Scheduling Order was absent of a deadline to disclose expert reports. As such, the current expert disclosure deadline is March 3, 2022 pursuant to LR 26-1(b) (3). As noted in fn.1 above, Wolden previously filed a Motion to Extend Discovery, which this Court denied without prejudice indicating its desire for Wolden's counsel to meet and confer with Plaintiff about extending discovery. [ECF Nos. 45 and 46]. After receipt of this Court's Order, on February 16, 2022, Wolden's counsel sent a letter to Plaintiff with a proposed Stipulation to Extend Discovery and requested that Plaintiff agree to extend the deadlines. (**Exhibit A**). As of the date of filing this Renewed Motion, Wolden's counsel has not received any response to the letter. Given that the current expert disclosure deadline is tomorrow, Wolden files this Renewed Motion.

Wolden has served Plaintiff with his initial Rule 26 Disclosures. Plaintiff has not yet provided any disclosures to Wolden. On February 17, 2022, Wolden served his First Interrogatories and First Requests for Production of Documents on Plaintiff. Wolden currently

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3062370_1  6943.254

Page 2 of 6

has nothing to submit to an expert other than the Third Amended Complaint and the documents in Wolden's possession.

The discovery that remains to be completed includes serving additional written discovery on Plaintiff (Requests for Admissions and any follow-up Requests for Production of Documents or Interrogatories), serving subpoenas to third parties as necessary, retention and disclosure of experts, and take the deposition of Plaintiff.

## II.   AN EXTENSION IS WARRANTED

There is good cause to extend the discovery cut off deadline, expert disclosure deadline, rebuttal expert disclosure deadline, dispositive motion deadline, and pretrial order deadline.  This case is still in its earliest stages.  Indeed, Wolden recently filed his Answer to the Third Amended Complaint during the holiday season.  Wolden has provided his initial Rule 26 Disclosures to Plaintiff, but has not yet received any disclosures from Plaintiff.  In addition, Wolden has served some written discovery on Plaintiff.  However, Plaintiff's responses to the written discovery are not due until March 24, 2022, which is after the current expert disclosure deadline of March 3, 2022.  In short, Wolden has not had enough time to conduct discovery to determine if it will be necessary to retain an expert witness.

In addition to the reasons stated, Plaintiff is representing himself in Proper Person and is currently incarcerated.  Wolden anticipates there will be delays associated with his incarceration.  This is true given the fact that any communications with Plaintiff must be done in writing and by mail.

Wolden recognizes that he is making this request fewer than twenty-one days before the current expert disclosure deadline, March 3, 2022, however he submits that good cause and excusable neglect exists for the delay.

///

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3062370_1  6943.254

Page 3 of 6

1   LR 26-3 states in relevant part:

2   > A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

As noted above, Wolden previously filed a Motion to Extend Discovery that was timely and in advance of the current expert disclosure deadline. However, it was necessary for Wolden to attempt to communicate with Plaintiff about extending the discovery deadlines which he promptly did after the Court denied his Motion. As such, the untimely filing of this Renewed Motion is excusable.

No party will be prejudiced if the discovery deadlines are extended. As already mentioned, this case is still in its earliest stages. Wolden has not been able to conduct written discovery, Plaintiff has made no disclosures, and the contours of this case are still in formation. Wolden is still in the process of determining the litigation strategy in this case; including whether it will be necessary to retain an expert witness.

///

///

///

///

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3062370_1  6943.254

Page 4 of 6

### III. PROPOSED DATES

Wolden requests that the Scheduling Order be amended to reflect the following extension of 90 days:

| Activity | Current Date | Proposed Date |
|---|---|---|
| Discovery Cut-Off | May 2, 2022 | August 1, 2022 |
| Expert Disclosure | March 3, 2022 | June 1, 2022 |
| Rebuttal Expert Disclosure | April 4, 2022 | July 5, 2022 |
| Dispositive Motions | June 1, 2022 | September 1, 2022 |
| Proposed Joint Pretrial Order | July 1, 2022 | September 29, 2022 |

### IV. CONCLUSION

Wolden is not attempting to delay the conclusion of this matter; rather he is requesting an extension to complete necessary discovery. Based upon the foregoing, Wolden respectfully requests the Court enter a new Scheduling Order with the dates proposed above.

DATED this 2nd day of March, 2022.

KAEMPFER CROWELL

By: /s/ Lyssa S. Anderson
LYSSA S. ANDERSON (Nevada Bar No. 5781)
RYAN W. DANIELS (Nevada Bar No. 13094)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135

*Attorneys for Defendant*
*Brandon Wolden erroneously named as B Wolden*

**ORDER**
**IT IS SO ORDERED**

**DATED:** 1:14 pm, March 03, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3062370_1  6943.254

Page 5 of 6

## CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **DEFENDANT BRANDON WOLDEN'S RENEWED MOTION TO EXTEND DISCOVERY (1st Request) (ECF No. 44)** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

Daine Anton Crawley, #1167447
Warm Springs Correctional Center
P.O. Box 7007
Carson City, NV 89702
***Plaintiff, Pro Se***

*(Via First Class Mail)*

DATED this 2nd day of March, 2022.

_____
an employee of Kaempfer Crowell

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3062370_1  6943.254

Page 6 of 6