1  LYSSA S. ANDERSON
   Nevada Bar No. 5781
2  RYAN W. DANIELS
   Nevada Bar No. 13094
3  KAEMPFER CROWELL
   1980 Festival Plaza Drive, Suite 650
4  Las Vegas, Nevada  89135
   Telephone:  (702) 792-7000
5  Fax:            (702) 796-7181
   landerson@kcnvlaw.com
6  rdaniels@kcnvlaw.com

7  *Attorneys for Defendant*
   *Brandon Wolden erroneously named as B Wolden*
8
                    **UNITED STATES DISTRICT COURT**
9
                           **DISTRICT OF NEVADA**
10
    DAINE ANTON CRAWLEY,                    Case No.:   2:19-cv-02179-CDS-BNW
11
                 Plaintiff,
12                                          **DEFENDANT BRANDON**
    vs.                                     **WOLDEN'S MOTION TO EXTEND**
13                                          **DISCOVERY**
    B WOLDEN, et al.                        **(Third Request)**
14                                          **(ECF No. 54)**
                 Defendants.
15

16

17     Defendant Brandon Wolden, erroneously sued as B Wolden, ("WOLDEN"), by and

18 through his counsel, Kaempfer Crowell, respectfully moves for an order extending the discovery

19 deadlines by 90 days. This Motion is based on the following memorandum of points and

20 authorities.

21 / / /

22 / / /

23 / / /

24 / / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3170162_1.docx  6943.254

Page 1 of 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PROCEDURAL HISTORY**

On June 1, 2021, Plaintiff filed his Third Amended Complaint, [ECF No. 28], which was served on Wolden on November 8, 2021. The Court screened the initial Complaint, First Amended Complaint and Second Amended Complaint previously leaving a sole excessive force claim against Wolden. Wolden filed his Answer to the Third Amended Complaint on November 23, 2021. [ECF No. 40].

Wolden filed a Motion to Extend Discovery, which the Court granted. [ECF No. 49]. Wolden and Plaintiff then jointly sought an additional extension of the discovery deadlines which the Court also granted. [ECF No. 54]. This is the current Scheduling Order in place. Wolden attempted to meet and confer with Plaintiff again about extending the current discovery deadlines by forwarding him another proposed Stipulation to Extend Discovery Deadlines and letter on June 14, 2022. As of the date of filing this Motion, neither Wolden nor his Counsel have received a response from Plaintiff.

Wolden has served Plaintiff with his initial Rule 26 Disclosures and two supplements to date. Plaintiff has not yet provided any disclosures to Wolden. Wolden served his First Interrogatories and First Requests for Production of Documents on Plaintiff which Plaintiff responded to. Plaintiff served his first set of Interrogatories, Requests for Admissions and Requests for Production on Wolden which were responded to. Plaintiff served a second set of Interrogatories which were also responded to.

Following receipt of Plaintiff's signed medical authorization, Wolden served twelve (12) third-party subpoenas to obtain Plaintiff's medical records from various providers. After much follow-up with third-parties that did not initially respond to the Subpoenas, Wolden has received nearly all responses to the Subpoenas. Wolden is currently reviewing the documents received

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3170162_1.docx  6943.254

Page 2 of 7

and is preparing a supplemental disclosure.

On June 27, 2022, Wolden, through Counsel, received a Subpoena from Plaintiff directed to LVMPD, Wolden's employer, requesting various documents. The Subpoena requests the documents by July 21, 2022. The Subpoena is not proper, however, as Plaintiff did not have it issued by the Clerk of the Court and Plaintiff should serve a proper Request for Production of Documents on Wolden rather than a Subpoena on LVMPD. Wolden will be preparing correspondence to Plaintiff along those same lines.

The discovery that remains to be completed includes providing a response to Plaintiff's improper Subpoena and responding to any proper document requests made by Plaintiff. Wolden will timely disclose his expert report on July 1, 2022. Wolden is currently reviewing materials received in response to Subpoenas and will prepare and forward a supplemental disclosure to Plaintiff. Finally, Wolden will be filing a Motion with the Court seeking an Order to take the deposition of the Plaintiff who is currently incarcerated.

## II. AN EXTENSION IS WARRANTED

There is good cause to extend the discovery cut off deadline, rebuttal expert disclosure deadline, dispositive motion deadline, and pretrial order deadline. As shown, the parties have been engaged in discovery and it has been progressing. However, Plaintiff is representing himself in Proper Person which causes delay in communicating with Plaintiff.

Next, as the Court is aware, Wolden served numerous third-party Subpoenas which Wolden anticipated responses to the Subpoenas by the date requested; May 25, 2022. However, there were numerous third-parties that did not respond requiring Wolden to contact them and/or send letters requesting compliance with the Subpoenas. The last outstanding Subpoena was responded to recently on June 22, 2022. As shown, there was a thirty day delay in obtaining the records.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3170162_1.docx  6943.254

Page 3 of 7

Wolden recognizes that this request is being made fewer than twenty-one days before the current deadline to complete discovery, July 1, 2022, however he submits that good cause and excusable neglect exist for the delay.

LR 26-3 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

As noted in the Parties' previous requests and above, Plaintiff is currently incarcerated and is representing himself in proper person. Because of this, communication between the Parties – such as communicating about extending discovery – must be done in writing and by mail. This causes delay. In addition, the first request to extend discovery only sought a short extension of time as to the deadline to disclose experts. At that time, Wolden did not anticipate that so many of the medical providers Plaintiff treated with would not respond to Subpoenas; causing further delay. Wolden submits that excusable neglect is shown in the delay in requesting the extension.

Wolden did make a good faith effort to meet and confer with Plaintiff about extending the discovery deadlines prior to filing this Motion. Although Plaintiff did not respond to Wolden's request, given that Plaintiff is still attempting to obtain documents from Wolden's

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3170162_1.docx  6943.254

Page 4 of 7

employer, it could easily be assumed that Plaintiff is not yet finished conducting discovery himself. No party will be prejudiced if the discovery deadlines are extended. The parties have been actively engaged in discovery. Due to various delays additional time is needed. This extension will give the parties the time needed to complete discovery.

## III.  PROPOSED DATES

Wolden requests that the Scheduling Order be amended to reflect the following extension of 90 days:

| Activity | Current Date | Proposed Date |
|---|---|---|
| Discovery Cut-Off | July 1, 2022 | September 29, 2022 |
| Rebuttal Expert Disclosure | July 5, 2022 | August 31, 2022 |
| Dispositive Motions | September 1, 2022 | October 31, 2022 |
| Proposed Joint Pretrial Order | September 8, 2022 | November 30, 2022 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3170162_1.docx  6943.254

Page 5 of 7

## IV. CONCLUSION

Wolden is not attempting to delay the conclusion of this matter; rather he is requesting an extension to complete necessary discovery. Based upon the foregoing, Wolden respectfully requests the Court enter a new Scheduling Order with the dates proposed above.

DATED this 29th day of June, 2022.

KAEMPFER CROWELL

By: */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
RYAN W. DANIELS (Nevada Bar No. 13094)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

*Attorneys for Defendant*
*Brandon Wolden erroneously named as B Wolden*

### ORDER

Good cause shown, IT IS ORDERED that ECF No. 59 is GRANTED.

IT IS SO ORDERED
DATED: 4:07 pm, June 30, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3170162_1.docx  6943.254

Page 6 of 7

## CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **DEFENDANT BRANDON WOLDEN'S MOTION TO EXTEND DISCOVERY (Third Request) (ECF No. 54)** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

Daine Anton Crawley, #1167447
Warm Springs Correctional Center
P.O. Box 7007
Carson City, NV 89702

*Plaintiff, Pro Se*

DATED this 29th day of June, 2022.

/s/ *Luisa M. Cota*
an employee of Kaempfer Crowell

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3170162_1.docx  6943.254

Page 7 of 7