**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Daine Anton Crawley, | Case No. 2:19-cv-02179-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF No. 53** |
| Clark County Detention Center, *et al.*, | |
| Defendants. | |

Before the Court is non-party Nevada Department of Public Safety, Division of Parole and Probation's ("Nevada Parole and Probation") motion to quash a subpoena issued by Defendant Brandon Wolden. ECF No. 53.

This case concerns allegations that Mr. Wolden used excessive force during a pat-down search of Plaintiff at Clark County Detention Center on March 20, 2018. Mr. Wolden subpoenaed documents pertaining to Plaintiff's conditions (and violations) of parole/probation, communications with Plaintiff and/or METRO, and interstate parole/probation records. Nevada Parole and Probation contends that the records sought are confidential pursuant to NRS 213.1075.

Defendant Wolden argues that NRS 179A.100(4)(a) provides for the disclosure of the Nevada Parole and Probation's records to Wolden—through Plaintiff—if they are records of criminal history. ECF No. 56. In addition, he argues that NRS 13.1075 also allows a court to use discretion to order the disclosure of protected information in appropriate cases.

Wolden explains that these records are important to his ability to defend against the excessive force allegations during Plaintiff's arrest. Specifically, he argues there is evidence to suggest Plaintiff's injury predated the day of arrest. Thus, he contends the documents requested are relevant to whether he received any care for his wrist while on probation or parole. He also argues, without much explanation, that this information is necessary for a "critical issue" in the case "bearing on the statute of limitations and causation." Lastly, he claims the information sought may provide a better understanding of the factual claims of arrest for violating his parole,

evidence of Plaintiff's familiarity with the procedures in an arrest and during booking, or be used to assess the credibility of some of Plaintiff's testimony.

Nevada Parole and Probation's reply agrees with Wolden regarding its assertion this Court has discretion under NRS 213.1075 to order production of the requested records but disagrees with the notion that NRS 179A.100(4)(a) provides for the disclosure of the Nevada Parole and Probation records to Wolden.

**I.     Analysis**

Federal Rule of Civil Procedure 45(d)(3) provides that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." F.R.C.P. 45(d)(3)(A)(iii) and (iv). The burden of proving that a subpoena imposes an undue burden or requires disclosure of confidential information is on the person seeking to have it quashed. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (the burden of persuasion on a motion to quash a subpoena is borne by the movant); *Diamond State Ins. Co. v. Rebel Oil Co*., 157 F.R.D. 691, 698–700 (D. Nev. 1994). However, the party issuing the subpoena must demonstrate, in turn, that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *Green*, 226 F.R.D. at 654. In all controverted cases, it is up to the court to strike a balance between the degree of relevance of the requested material, the severity of the burden on the subpoenaed person or entity, and the utility of the protective mechanisms provided by the Federal Rules. 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed. 2013).

Here, Nevada Parole and Probation argues that the subpoenaed information is privileged under NRS 213.1075. This statute provides as follows:

> Except as otherwise provided by specific statute, all information obtained in the discharge of official duty by an employee of the Division or the Board is privileged and may not be disclosed directly or indirectly to anyone other than the Board, the judge, district attorney or others entitled to receive such information, unless otherwise ordered by the Board or judge or necessary to perform the duties of the Division.

Nev. Rev. Stat. Ann. § 213.1075 (West).

The Court interprets NRS 213.1075 as providing it discretion to order the disclosure of protected information in appropriate cases.[1] Having said that, Nevada Parole and Probation has met its burden to show that the information sought is confidential unless an exception applies (such as an order by a judge). However, Defendant has not demonstrated that *all* of the information he subpoenaed is relevant to the allegations at hand.

The Court deems it appropriate for Nevada Parole and Probation to release the following information to Defendant Wolden: any documents pertaining to any treatment Plaintiff may have received to the wrist/arm in question while on parole/probation, including any interstate records showing treatment prior to the date of arrest in this case (March 20, 2018). Likewise, if the file contains any facts pertaining to the arrest in question, Wolden is entitled to them. That information would be relevant to Wolden's ability to show whether the claimed injuries predated the date of arrest. The Court will also order the release of any information in the file that may inform the number of previous arrests and bookings, as well as any details that may be contained therein concerning the arrests or bookings. This is relevant to Plaintiff's familiarity with procedures surrounding these events. Lastly, to the extent there is any information in the file as to statements Plaintiff may have made regarding the arrest/booking in question, that must be released as well. This would allow Wolden to determine whether the recitation of events is consistent throughout or not.

On the other hand, Wolden has provided no argument to support the notion that conditions (or violations of) parole/probation are relevant to the instant case. Along those same lines, it is not clear how communications with Plaintiff or METRO, or interstate parole/probation records (other than those that may relate to treatment of Plaintiff's wrist/arm) are relevant to this case. To the extent that some of these documents may be instrumental to the statute of limitations issue, Wolden has not properly developed the argument, so the Court cannot evaluate it.

//

//

---

[1] The Court agrees with movant Nevada Parole and Probation's interpretation of NRS 13.1075, but it need not analyze the argument given the finding that it has discretion to order the production of the documents in question.

## II. Conclusion

Accordingly, **IT IS ORDERED** that non-party Nevada Department of Public Safety, Division of Parole and Probation's Motion to Quash a Subpoena (ECF No. 53) is DENIED in part and GRANTED in part consistent with this Order.

**IT IS FURTHER ORDERED** that Defendant Brandon Wolden shall not disclose that information to anyone without prior Court authorization and may only use it for purposes connected to this lawsuit.

**IT IS FURTHER ORDERED** that the hearing set for July 7, 2022 is VACATED.

DATED: July 6, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE