UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Daine Anton Crawley,<br><br>    Plaintiff,<br><br>    v.<br><br>Clark County Detention Center, *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-02179-CDS-BNW<br><br>**ORDER re ECF No. 62** |

Before the Court is *pro se* Plaintiff Daine Anton Crawley's motion for appointment of counsel (at ECF No. 62).[1] Defendant Brandon Wolden opposed at ECF No. 68, and Plaintiff replied at ECF No. 70.

Plaintiff moves under 28 U.S.C. 1915(e)(1) to argue that appointment of counsel is appropriate in this case. ECF No. 62 at 1.

**I.    Background**

Mr. Crawley[2] alleges a Fourteenth Amendment excessive force claim in connection with his time in pre-trial detention at Clark County Detention Center ("CCDC"). ECF No. 32 at 4, 9.

Mr. Crawley alleges that Defendant Brandon Wolden assaulted him while conducting a pat-down search at CCDC despite Mr. Crawley having both of his hands raised and not posing a threat. *Id*. at 4. He further alleges that Defendant Wolden (and other officers) engaged in additional excessive force by folding his arms behind his back and twisting his right wrist toward his shoulders before forcefully placing him into a restraint chair. *Id*. Once in the restraint chair, another Las Vegas Metropolitan Police Department officer placed his hands around Mr. Crawley's throat, allowing Defendant Wolden to tighten the straps on the restraining chair. *Id*.

---

[1] Plaintiff moved for appointment of counsel on several occasions. ECF Nos. 5, 6, 18. Two of these motions were denied as premature and the third was denied because the Court did not "find exceptional circumstances that warrant the appointment of counsel." ECF Nos. 12, 25.

[2] Mr. Crawley is currently in custody at Warm Springs Correctional Center.

1

Defendant Wolden's alleged actions resulted in Mr. Crawley sustaining injuries, including numbness in his right wrist and thumb and a possible wrist fracture that has yet to be operated on. *Id.* at 4–5.

## II. Discussion

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In certain circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues").

**A. Whether Mr. Crawley's claim has a likelihood of success on the merits**

Here, Mr. Crawley's Fourteenth Amendment excessive force claim has a likelihood of success on the merits because it survived the Court's screening process. ECF No. 32 at 9.

"The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *Turner v. Riaz*, No. 216CV0969MCEACP, 2018 WL 5962726, at *4 (E.D. Cal. Nov. 14, 2018).

This factor therefore weighs in favor of appointing counsel. Of note, the Court is not persuaded by Defendant's argument that Plaintiff is not likely to succeed on the merits because Defendant allegedly was not present at the time Plaintiff was placed into the restraint chair. ECF No. 68 at 2–3. This is because Plaintiff is alleging several instances of excessive force—one involving a pat-down that Defendant Wolden performed using excessive force and another instance relating to Plaintiff's

forceful placement into the restraint chair. Therefore, even assuming that Defendant Wolden was not present when Plaintiff was allegedly forcefully positioned into the restraint chair, Defendant has not alleged that he did not pat down Plaintiff (using reasonable or excessive force).

**B. Whether Mr. Crawley has an ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved"**

The parties dispute whether Mr. Crawley can articulate his claims *pro se* "in light of the complexity of the legal issues involved." *See* ECF No. 62 at 2, ECF No. 68 at 4–5.

For the reasons discussed below, the Court will exercise its discretion to appoint counsel for Mr. Crawley.

First, as revealed at the hearing held on August 11, 2022 and by several of Plaintiff's motions, Mr. Crawley does not understand the legal process and is unable to litigate this case. For example, in the instant motion for appointment of counsel, he appears to object to any discovery extensions Defendant Wolden seeks despite simultaneously asserting that he still has additional discovery to complete. ECF No. 62 at 1–2.[3] The August 11 hearing as well as Plaintiff's opposition to Defendant Wolden deposing him also reveal that he does not understand the deposition process. ECF No. 69 at 1. This is because Plaintiff requested that Defendant and other witnesses be present at both his deposition and Defendant's deposition, explaining that this would "eliminate discrepancies." *Id*. Furthermore, Mr. Crawley has demonstrated difficulties in drafting interrogatories and understanding Defendant's responses. And it appears (because of the different handwriting styles) that others are helping him draft his court filings. *Compare, e.g.,* ECF No. 62 *with* ECF No. 70.

Second, Plaintiff needs to depose Defendant Wolden, other officers who were present at the scene of the alleged assault, as well as Defendant's expert witness Robert C. Willis. ECF No. 62 at 2; ECF No. 70 at 2. The Court recognizes the difficulties that a *pro se*, incarcerated litigant faces in serving subpoenas on witnesses and deposing them. In fact, Mr. Crawley explained at the August 11 hearing that he does not even know the process for deposing Defendant's retained expert. And it

---

[3] Mr. Crawley asserts that if Defendant Wolden were granted another "extension of time," he would be prejudiced. ECF No. 62 at 2. At the same time, Mr. Crawley also asserts that he needs support in deposing Defendant and other officers. *Id*. at 1–2.

3

appears that Plaintiff (incorrectly) believes that he requires the Court's approval to depose any of these individuals. *Id*.

Third, at the August 11 hearing, there was also some discussion about the process of obtaining the missing or non-existent video footage of the intake process. This will create additional procedural difficulties in litigating this case given the information discussed above.

Fourth, the Court recognizes that appointing counsel in this case would allow proceedings to "undoubtedly proceed more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

Finally, while the Court acknowledges that the Hon. Judge Gordon previously denied (without prejudice) Plaintiff's motions for appointment of counsel, which were filed in 2020 (several months following the original complaint), it also recognizes that it now has information that was not previously before it.

Accordingly, these circumstances warrant the appointment of *pro bono* counsel in this case.

## II. Conclusion and Order

Because the Court will exercise its discretion to appoint counsel and grant Mr. Crawley's motion for appointment of counsel, it will refer the case to the Court's Pro Bono Program to attempt to find an attorney to accept Plaintiff's case. Mr. Crawley should be aware that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. Additionally, **Mr. Crawley is reminded that until counsel is appointed, he is still responsible for complying with all deadlines in his case**. If counsel is found, an order appointing counsel will be issued by the Court and Mr. Crawley will be contacted by counsel.

**IT IS THEREFORE ORDERED** that Plaintiff Daine Anton Crawley's motion for appointment of counsel (ECF No. 62) is GRANTED.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if

necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff. The scope of appointment shall include the discovery phase through the termination of the case—whether at the dispositive motion phase or trial. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the Court and Plaintiff will be contacted by counsel. In addition, the Court will schedule a status hearing to further delineate the scope of representation.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro Bono Liaison.

DATED: August 11, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE