1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Daine Anton Crawley,

Plaintiff,

v.

Clark County Detention Center, et al.,

Defendants.

Case No. 2:19-cv-02179-CDS-BNW

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion to amend his complaint (ECF No. 66). Defendant Brandon Wolden responded (ECF No. 72), and Plaintiff replied (ECF No. 73). For the reasons discussed below, the Court will recommend that Plaintiff's motion be denied.

I.    **Background**

Plaintiff moves to amend his complaint to add four new defendants who were previously identified as "Doe Defendants." ECF No. 66 at 1. Plaintiff states that he identified the four Doe Defendants through "newly discovered evidence" in the form of a video produced by Defendant Wolden (Bates labeled LVMPD000831). *Id.*

Wolden opposes Plaintiff's motion. ECF No. 72. Wolden argues that Plaintiff was not diligent in seeking to amend his complaint. *See id.* at 1-2. Specifically, Wolden argues that he disclosed the video to which Plaintiff refers (LVMPD000831) on February 16, 2022; the deadline to amend pleadings ran on April 4, 2022; and Plaintiff waited until July 14, 2022 to move to amend his complaint. *Id.* at 2-5. Wolden argues that Plaintiff offers no good cause for his delay, and thus, his motion should be denied. *Id.* at 5.

In reply, Plaintiff offers three reasons for his delay. First, Plaintiff states that the video he received only contained audio (not video). ECF No. 73 at 1. However, Plaintiff acknowledges, "[d]uring the review of that audio of (Bates LVMPD000831) the four Doe Officers were identified . . . ." *Id.* Second, Plaintiff asserts that the names of the officers were just identified in

the last 30 days, but he does not further explain this assertion. *See id.* at 2. Third, Plaintiff asserts

that he had surgery on May 3, 2022 and was "delayed in litigation due to bed moves within the

facility," but does not further explain this assertion. *See id.*

## II.    Analysis

Generally, a party may amend its pleading once "as a matter of course" within twenty-one

days of serving it, or within twenty-one days after service of a responsive pleading or motion

under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading

only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." *Id.* "The court considers five

factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay,

prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously

amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed,

the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271,

1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed

before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th

Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under

Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."

Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard

primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not

diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d

716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015)

(internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10

(no good cause for amendment when movant knew of facts and theory from the beginning of the

case and waited until four months after the deadline for amendments passed to move to amend).

Here, Plaintiff has not demonstrated good cause for his late motion to amend. The

deadline to amend pleadings was April 4, 2022. *See* ECF No. 44 at 1 (deadline to amend

1    pleadings 60 days after February 1, 2022).[1] Wolden disclosed the video (LVMPD000831) that

2    allowed Plaintiff to identify the Doe Defendants on February 16, 2022. ECF No. 72 at 2. Plaintiff

3    waited until July 14, 2022 to move to amend his complaint. ECF No. 66. Plaintiff has not

4    provided any information from which the Court can conclude he was diligent in moving to

5    amend.

6        First, though Plaintiff states that the video only contained audio (and not video), he

7    acknowledges that he identified the Doe Defendants from reviewing this audio. ECF No. 73 at 1.

8    Accordingly, the fact that the video only contained audio does not explain why Plaintiff could not

9    have filed his motion to amend before the deadline lapsed.

10       Second, Plaintiff states that he only identified the Doe Defendants within the last 30 days.

11   *Id.* at 2. Plaintiff does not explain this assertion further. And, more to the point, Plaintiff does not

12   explain why he could not have discovered the Doe Defendants' identities sooner, given that

13   Wolden produced the video on February 16, 2022 (which Plaintiff does not dispute). *See id.* at 1.

14   Accordingly, the Court cannot conclude from Plaintiff's bare assertion that he only discovered the

15   Doe Defendants' identities 30 days ago that he acted diligently.

16       Third, Plaintiff states that he had surgery on May 3, 2022, which delayed the litigation due

17   to "bed moves" within the facility. *Id.* at 2. Again, Plaintiff does not explain this assertion further

18   or why his moves prevented him from filing his motion sooner. *See id.* The Court also notes that

19   Plaintiff stipulated to extend certain deadlines on May 23, 2022. *See* ECF No. 52. Plaintiff does

20   not explain why he could not have moved to extend the amendment deadline at this time (or

21   sooner), or why he could not have moved to amend his complaint between February 16, 2022

22   (when the video was disclosed) and May 3, 2022 (when he had his surgery).

23       Accordingly, on the record before it, the Court cannot conclude that Plaintiff was diligent

24   in moving to amend his complaint. As such, the Court's inquiry ends. *See In re W. States*

25

26

27   _____

28   [1] Extensions to the scheduling order were granted at ECF Nos. 49, 54, and 61, but they did not extend the
     deadline to amend pleadings or add parties.

*Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (if the party was not diligent, "the inquiry should end."); *Mammoth Recreations*, 975 F.2d at 609 (same).

### III.    Conclusion and Recommendation

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 66) be DENIED.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 27, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE