UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Daine Crawley,

                              Plaintiff

        v.

Brandon Wolden,

                              Defendant

Case No.: 2:19-cv-02179-CDS-BNW

**Order Denying Plaintiff's Motion for Partial Summary Judgment, Granting Defendant's Motion for Summary Judgment, Denying Plaintiff's Motion for a Status Check, and Closing Case**

[ECF Nos. 80, 87, 103]

This is a 42 U.S.C. § 1983 civil rights action brought by pro se plaintiff Daine Crawley. The allegations in the complaint are related to Crawley's arrest and booking into the Clark County Detention Center (CCDC) in March of 2018. Crawley seeks damages and declaratory judgment based on alleged use of excessive force in violation of his Fourth, Eighth, and Fourteenth Amendment rights and alleged indifference to medical care related to injuries Crawley claims that he sustained during his booking into CCDC. The parties have filed competing motions for summary judgment. Crawley seeks partial summary judgment on what I broadly construe as his claim of medical indifference. ECF No. 80. Defendant Brandon Wolden[1] seeks summary judgment on the claim of alleged used of excessive force filed against him. ECF No. 87.[2] Crawley also filed a motion for a status check on the pending summary judgment motions on August 28, 2023. ECF No. 103. Because this order resolves those pending motions, Crawley's motion for a status check is denied.

For the reasons set forth herein, I deny Crawley's motion for partial summary judgment motion and grant Wolden's motion for summary judgment. Because the only claim remaining in

---

[1] Wolden is the only remaining defendant following the screening order related to the Third Amended Complaint (TAC) issued by U.S. District Judge Andrew P. Gordon on July 21, 2021. *See* ECF No. 32.

[2] This was initially filed under seal as ECF Nos. 82 and 83. Wolden filed a notice of corrected image on October 24, 2022. ECF Nos. 86 and 87. For clarity, I cite only to the summary judgment motion docketed as ECF No. 87.

the TAC was against Wolden, I also direct the Clerk of Court to enter judgment in Wolden's favor and to kindly close this case.

**I.      Legal Standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

Summary judgment proceeds in a burden-shifting step analysis. The burden starts with the moving party. A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then shifts to the opposing party, who must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). A trial court can

only consider admissible evidence in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

## II.   Discussion

Applying the above legal standard, I first address Crawley's motion for partial summary judgment, finding Crawley is not entitled to partial summary judgment. I then address Wolden's motion for summary judgment, finding he has met his burden demonstrating an absence of a genuine issue of material fact, namely that he did not personally participate in any activity that could have resulted in injury to Crawley.

> A.   *Crawley's motion is denied because he fails to meet his burden demonstrating he is entitled to summary judgment in his favor.*

For motions where the moving party will bear the ultimate burden of proof at trial, such as with plaintiff's cross-motion for summary judgment here, plaintiff bears the burden of proof on all essential elements of his claims. *Southern Cal. Gas Co. v. Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). He also has, as the moving party, the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson*, 477 U.S. at 256. Stated otherwise, Crawley must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr*, 285 F.3d at 773.

Pro se complaints and motions from prisoners are construed liberally. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[C]ourts must construe pro se pleadings liberally"). Even liberally construing Crawley's motion, I find that he fails to meet his initial burden for two reasons. First, Crawley seems to misapprehend what claim remains in the operative complaint. Judge Gordon entered an order finding the TAC to be the operative one. ECF No. 32 at 9 ("I further order that the Third Amended Complaint (ECF No. 28) is the operative complaint."). The only remaining claim for relief in the TAC is the one alleging excessive force against defendant Wolden. *Id.* (furthering ordering that "Count 1 may proceed against Officer B. Wolden

for use of excessive force in violation of the Fourteenth Amendment."). While Crawley discusses excessive force in his motion, the exhibits[3] he provides in support of his motion relate to his claims of medical indifference, which were not permitted to go forward. *See id.* (ordering that Count 2 for deliberate indifference to serious medical need be dismissed, as well as dismissing former Sheriff Joe Lombardo and Sgt. Richard Newman as defendants). Crawley fails to explain how those exhibits[4] demonstrate an absence of genuine issue of material fact entitling him to summary judgment in his favor. Crawley did not properly authenticate his exhibits, nor did he provide an explanation or argument about why the exhibits demonstrate that he is entitled to partial summary judgment. Consequently, his motion for partial summary judgment is denied.

       B.   *Wolden is entitled to summary judgment in his favor.*

       Wolden seeks summary judgment on the sole claim against him, which alleges that he used excessive force against Crawley during an arrest in March of 2018. *See generally* ECF No. 87. In sum, Wolden argues that summary judgment should be granted in his favor because he was not the person who placed Crawley in a restraint chair and caused injuries to his wrist on the night of his March 2018 arrest, which is at the crux of Crawley's case. *Id.* at 9, 15–17. Wolden's motion also argues that Crawley failed to exhaust his administrative remedies prior to bringing this action. *Id.* at 8, 17–19.

       Crawley opposes Wolden's motion. *See generally* ECF No. 88. In his opposition, Crawley argues that Wolden used excessive force against him during his initial intake and pat-down at CCDC. *Id.* at 1, 3. Crawley further claims that despite being previously requested, LVMPD has

---

[3] The court notes that several of Crawley's exhibits are difficult to read but the court nonetheless carefully evaluated them while resolving the motion. The court was also able to review sections of Crawley's exhibits that were included in the opposition to his motion. ECF No. 88 at 11–12.

[4] Crawley's motion fails to meet his initial burden. The court nonetheless reminds Crawley that the moving party for summary judgment may meet their burden by "identifying … portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Under Fed. R. Civ. P. 56(e), exhibits attached to affidavits for the purpose of summary judgment must be identified and authenticated. "Authentication is a condition precedent to admissibility, and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Orr*, 285 F.3d at 773 (citing Fed. R. Evid. 901(a) (quotation and footnote omitted)).

failed to produce video of his initial intake process at CCDC, which is where Wolden allegedly used excessive force against him. *Id.* at 1–2, 4. Crawley also refutes Wolden's argument that he failed to exhaust his administrative remedies. *Id.* at 2

It is undisputed that Wolden arrested Crawley on March 20, 2018. *See* TAC, ECF No. 28 at 3 (identifying the date of the incident as March 20, 2018); ECF No. 87-1 at 2–3 (Wolden Declaration stating that he arrested Crawley on March 20, 2018). Crawley was arrested by Wolden following a petit theft investigation of an alcoholic beverage at a CVS located on Las Vegas Boulevard. *Id.* During his arrest, Wolden learned that Crawley was currently considered to be in violation of his parole. *Id.* at 3, ¶8. Following his arrest, Wolden transported Crawley to the CCDC for booking.[5] *Id.* at ¶9; *see* Def. Ex. B., ECF No. 87-2 (Unit log). Wolden's declaration states that he did not pat down Crawley, rip the belt off of Crawley's pants, place him in a restraint chair, or fold his arms behind his back. ECF No. 87-1 at 4, ¶17.

Simply put, Crawley cannot sustain his burden to show that Wolden violated his constitutional rights. As a threshold matter, Crawley claims for the first time in his opposition to Wolden's motion that he sustained injury to his wrist during his initial intake at CCDC.[6] ECF No. 88 at 1–2. Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quotation omitted). But in his complaint, Crawley makes specific and detailed allegations that Wolden injured him when he placed him into the restraint chair at CCDC. The only allegations raised by Crawley during the intake procedure at CCDC was that Wolden forcefully removed his belt; but Crawley does not state that Wolden used excessive force during that procedure. *See* ECF No. 28 at 4. Instead,

---

[5] Wolden does not independently recollect transporting Crawley to CCDC. ECF No. 87-1 at 4, ¶17.
[6] On the second page of the TAC, Crawley states that he was assaulted upon entry to CCDC but the remainder of his allegations of excessive force are focused on when he was placed into the restraint chair with excessive force. *See* TAC, ECF No. 28 at 3–4. The TAC claims that he was placed into the restraint chair in the booking area, but the video footage belies this allegation. *See Scott v. Harris*, 550 U.S. 372, 381 (2007) (courts "should [] view[] the facts in the light depicted by the videotape").

the TAC alleges that "LVMPD officer B. Wolden under Sheriff Lombardo purposefully or knowingly used force to restrain the plaintiff in [a] restraint chair causing injury." *Id.* The TAC further alleges that "Officer B. Wolden forcefully placed Mr. Crawley into the restraint chair…[d]uring which time/the result of excessive force 14[th] Amendment violation/the restraints were placed in such a manner that circulation and numbness occurred to right wrist and thumb area." *Id.* It further alleges that Officer Wolden "pull[ed] the straps of the restraint chair[.]" *Id.* Crawley did not, however, provide any notice concerning alleged excessive force by Wolden during his intake / pat-down procedure at CCDC.

The Ninth Circuit has long held that theories raised for the first time at summary judgment cannot survive. *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("Nevertheless, our precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court") (citing *Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings"); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (holding that a plaintiff could not raise new factual allegations at summary judgment because defendants were not given "fair notice of what the plaintiff's claim [were] and the grounds upon which [they] rest[ed]," as required by Fed. R. Civ. Pro Rule 8(a)(2)). Consequently, the court will not consider new allegations raised for the first time at summary judgment. *Burrell v. Cnty. of Santa Clara*, 2013 WL 2156374, at *11 (N.D. Cal. May 17, 2013) ("The Court will not consider claims raised for the first time at summary judgment which Plaintiffs did not raise in their pleadings."); *Allergia, Inc. v. Bouboulis*, 2017 WL 2547225, at *4 (S.D. Cal. June 13, 2017) (same). As a result, the court must evaluate the summary judgment motion based on the specific allegations in the

complaint—here, that Wolden used excessive force while placing Crawley into the restraint chair.

As set forth in Wolden's declaration, Wolden did not place Crawley in a restraint chair following his arrest on March 20, 2018. The video footage confirms Wolden's statement. The court reviewed two videos of Crawley being placed into or taken out of the restraint chair on March 20th and 21st of 2018.[7] The first video initially depicts an Officer Dryden, in a green uniform, and a second (initially unidentified) officer, in a tan uniform, removing belly chains from Crawley, during which Crawley is making verbal statements to the person videotaping the incident. *See* Ex. D, ECF No. 87-4 at 0:01–0:46. Crawley is then walked over to the restraint chair by the same two officers. *Id.* at 0:046–0:54. Then several more officers work together to place Crawley into a restraint chair. Two officers are on the left of Crawley's body, two are on his right, and a fifth officer restrains his head. *Id.* at 0:55–1:25. While being restrained, Crawley complains about "his fucking feet" (*id.* at 1:09–1:12) and states to the person recording the video that he guesses he "just has to deal it" and to "just take the pain." *Id.* at 1:13–1:18. He makes no specific complaints about pain, nor does he make any statements about his wrist. He is not crying or screaming out in any way. Crawley is able to speak to the camera without issue. At the conclusion of the video, the officers involved in restraining Crawley identify themselves. *Id.* at 1:37–1:48. Going from right to left (while watching the video), the officers state their names in the following order: (1) Dryden; (2) Marshall; (3) Mecham; (4) Deloach; and (5) Neville.[8] *Id.* Officer Wolden is *not* one of the officers involved in placing Crawley into the restraint chair.

The second video shows Crawley still in the restraint chair, however he has some sort of white material or cloth covering his mouth, starting below his nose and then tucked under his chin. Ex. E, ECF No. 87-5 at 0:01–0:20. The video shows Crawley being removed from the

---

[7] Crawley was arrested in the evening on March 20, 2018. *See* ECF No. 87-2 (unit log showing arrival at CCDC at approximately 20:29 hours). The Court notes that neither video shows Crawley being placed into or taken out of the restraint video in the CCDC intake area.

[8] The camera woman also identifies herself but speaks too quickly to understand her name from the video.

restraint chair without any struggle. *Id.* This video is also narrated. The narrator states that Crawley has calmed down so they are removing him from the restraint chair because Crawley has indicated he will comply going forward. *Id.* at 0:17–0:26. The narrator also states that [the officers] are going to let him "sleep it off".[9] *Id.* at 0:18–0:21. The officers identify themselves at the end of this video as Officers Hopkins, Dryden, and Mendoza. *Id.* at 0:30–0:36. The video footage confirms that Officer Wolden did not participate in removing Crawley from the restraint chair.

The two videos provided by Wolden of Crawley's June 2016 arrest are a different story. As argued by Wolden, it appears that Crawley is confusing his two arrests. ECF No. 87 at 16–17. The videos support this argument. In the first video, Crawley is videotaped as he is being removed from a LVMPD patrol vehicle outside of CCDC. *See* Def. Ex L, ECF No. 87-12. The narrator makes numerous statements about information she received from the arresting officer, including that Crawley has been "verbally non-compliant" with the officers and that he appeared to be under the influence and smelled of alcohol. *Id.* at 0:01–0:35. The narrator also states that Crawley had a pre-arrest injury that appeared to be road rash. *Id.* at 0:40–0:51. The officers remove Crawley from the patrol vehicle. Crawley is shirtless, wearing a spit-guard, and already in handcuffs with his hands behind his back. The officers lean Crawley up against the patrol car. *Id.* at 0:51–1:09. The officers then attempt to exchange the handcuffs from Crawley's wrists. 0:1:12–2:58. During that process, Crawley repeatedly cries out in pain, begging the officers to stop, stating that he had already told the officers that he has a broken wrist, and stating that it was "the worst pain he has ever seen."[10] *Id.* at 1:36–3:09. Crawley is then walked by the officers away from the patrol vehicle towards some double doors and then placed into a restraint chair. *Id.* at 3:11–3:34. He again exclaims that "it hurts" and states that his wrist is broken. *Id.* at 3:13–3:15. Crawley is then secured into the restraint chair. *Id.* at 3:26–4:47. The

---

[9] In the prior video, the narrator commented that Crawley appeared intoxicated. ECF No. 87-4 at 0:19–0:25.

[10] I construe this to mean "felt."

officers involved in exchanging the handcuffs and then later restraining him into the chair identify themselves at the end of the video. *Id.* at 4:31–4:46. None of them are Officer Wolden. *Id.*

The second video initially shows Crawley sitting in the restraint chair. *See* Def. Ex. M, ECF No. 87-13. The video's narrator states that it has been two hours and Crawley has not calmed down. *Id.* at 0:01–0:08. Later, the narrator states that the officers had previously arranged a cell for Crawley and were prepared to remove him from the chair, but he was not compliant. *Id.* at 0:39–0:46. While still sitting, Crawley (who is still wearing the spit guard) speaks at the video, stating that he has a broken arm and a broken leg. *Id.* at 0:35–0:38; 1:05–1:07.[11] The officers stand Crawley up and check the arm restraints, which were behind his back, to make sure they are not too tight, and that Crawley's circulation was okay. *Id.* at 1:00–1:14. Crawley did not cry out in pain when he stood. *Id.* at 0:54–1:14. While standing on both legs, Crawley claimed that his leg is broken. *Id.* The narrator states that the scar on Crawley's leg is from a really long time ago, which Crawley refutes. *Id.* The officers then sit Crawley back down into the restraint chair. *Id.* at 1:15–1:16. As he is being seated, Crawley immediately cries out in pain and claims that the officers rebroke his wrist,[12] while calling the officers "dirty mother [expletives]." *Id.* at 1:17–1:46. The officers involved in seating and re-restraining Crawley in the chair are identified at the end of the video. *Id.* at 2:42–2:50. None of them are Officer Wolden. *Id.*

Under 42 U.S.C. Section 1983, "[e]very person who, under color of [state law] … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983. A defendant is liable under § 1983 when he personally participates in the constitutional deprivation. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Leer v. Murphy*, 844 F.2d 628, 633

---

[11] At 1:06, Crawley modifies his statement and says he has broken wrist and a broken leg. *Id.* at 1:06–1:08. This same portion of the video shows Crawley standing and placing weight on both of his legs despite his statement that he has a broken leg. *Id.*

[12] It is unclear how the officers could rebreak a broken wrist. The court construes this as Crawley expressing that the officers had reaggravated the injury to his allegedly already injured wrist.

(9th Cir. 1988) (same). Thus, Crawley must show that Wolden "(1) deprived [him] of a right secured by the Constitution, and (2) acted under color of state law." *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). Crawley cannot show that Wolden used excessive force, which could potentially constitute a constitutional violation, because he cannot establish that Wolden placed him, or assisted in placing him, into the restraint chair following his March 20, 2018 arrest. The video evidence firmly contradicts Crawley's accusation that Wolden was involved. As a result, Wolden has met his burden in demonstrating the absence of a genuine issue of material fact with respect to the sole claim of unlawful excessive force, so I grant his motion for summary judgment.[13]

### III. Conclusion

IT IS THEREFORE ORDERED that Crawley's motion for partial summary judgment [ECF No. 80] is DENIED.

IT IS FURTHER ORDERED that the Wolden's motion for summary judgment [ECF No. 87] is GRANTED.

IT IS FURTHER ORDERED that Crawley's motion for a status check [ECF No. 103] is DENIED as moot.

The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: September 6, 2023

_____
Cristina D. Silva
United States District Judge

---

[13] Because I grant summary judgment based on lack of evidence of Wolden's personal participation in the alleged constitutional violation, I need not reach a conclusion on Wolden's argument that Crawley failed to exhaust his administrative remedies.